IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL FRANK, Jr.,                    :
                                      :
        Petitioner,                   :        CIVIL NO. 3:CV-03-2167
                                      :
        v.                            :        (Judge Caputo)
                                      :
SUPERINTENDENT TENNIS,                :
                                      :
        Respondent.                   :

## M E M O R A N D U M

### I.    Introduction.

Petitioner, Samuel Frank, Jr., an inmate at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254.  (Doc. 1).   In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising the Petitioner that: (1) he could have the document ruled on as filed, or (2) withdraw his petition and file one, all-inclusive § 2254 petition.  Petitioner responded by submitting a Notice of Election in which he opted to have his petition considered as filed.  A show cause order was issued, an amended petition was filed, a response and a memorandum in opposition to the petition, along with exhibits were  filed, and Petitioner filed a traverse.  The petition is presently ripe for disposition, and for the reasons that follow, the petition will be denied.

### II.   Background.

The facts are undisputed.  On October 22, 1990, Petitioner pled guilty to the first-degree murder of his mother.  Petitioner admitted that on the evening of February 27, 1989, while he was staying at his mother's home, he left the home and walked a quarter of a mile

to a cabin where he used a knife to pick the lock of the cabin door.  Petitioner stole a shotgun and shells from the cabin, then returned to his mother's home, loaded the shotgun, entered the bedroom where his mother was sleeping, and fatally shot her in the head.  After the shooting, Petitioner took his mother's purse and car, and drove to Berwick, Pennsylvania, where he was ultimately apprehended.  On February 21, 1991, Petitioner was sentenced to life imprisonment. Thereafter, he filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA") on February 22, 1994, alleging ineffective assistance of trial counsel as well as other procedural and constitutional errors. Petitioner was appointed PCRA counsel, and after a hearing on August 31, 1995, the petition was denied.

Petitioner appealed the PCRA denial to the Pennsylvania Superior Court, and the appeal was dismissed, without prejudice, on February 13, 1997, due to PCRA counsel's failure to file a brief.  On September 17, 1999, Petitioner was granted leave to file an appeal of the PCRA denial, *nunc pro tunc*, and Petitioner filed an appeal to the Pennsylvania Superior Court on September 14, 2000.  On August 8, 2001, the Superior Court dismissed the appeal for failure to file a brief.  On review, the Pennsylvania Supreme Court ordered the Pennsylvania Superior Court to remand the case to the trial court for appointment of new counsel and reinstatement of Petitioner's appellate rights *nunc pro tunc*.  Petitioner's appellate rights were reinstated by the trial court, and on December 24, 2003 the Pennsylvania Superior Court affirmed the denial of PCRA relief.

The instant petition followed.  Petitioner claims ineffective assistance of counsel resulted in an involuntary guilty plea.  Respondents claim that Petitioner has failed to exhaust his state court remedies, and Petitioner argues that he has fulfilled the exhaustion

requirement.

## III.   Discussion

### A.  Exhaustion of State Court Remedies

Petitioner filed the present petition pursuant to the provisions of 28 U.S.C. § 2254. Under § 2254 (b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." (emphasis added).  "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus.  28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Doctor v. Walters*, 96 F.3d 675 (3d Cir. 1996).

Petitioner argues that he has exhausted his available remedies by appeal through the Pennsylvania Superior Court, citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000)(*per curiam*)("Order 218").[1]  The order states that litigants shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior

---

[1]Regardless, exhaustion is not a jurisdictional requirement, *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995), and failure to exhaust is not an insurmountable bar to consideration of the merits of a habeas petition.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  An application for writ of habeas corpus may be denied on the merits, notwithstanding a failure to exhaust state court remedies.  28 U.S.C. § 2254(b).

Court in order to be deemed to have exhausted all available state remedies respecting a claim of error.  *Id*.  Thus, Petitioner has exhausted his state court remedies, and the Court will address the merits of the claims raised in Petitioner's amended habeas petition.

### B. Scope of Habeas Review.

The Antiterrorism and Effective Death Penalty Act, enacted on April 24, 1996, revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) *citing* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, sec. 104, 110 Stat. 1214 (1996) ("AEDPA").   Section 2254(d), as amended, states as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

In regard to the "contrary to" provision contained in Section (d)(1), the Third Circuit Court of Appeals has stated:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition. Accordingly, we adopt *O'Brien's* holding that 'to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.'  In other words, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather,

4

> the petitioner must demonstrate that Supreme Court precedent
> requires the contrary outcome.

*Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) referencing *O'Brien*

*v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998).  To determine whether the state court

judgment involved an "unreasonable application" of clearly established federal law, this

Court must determine:

> "whether the state court's application of Supreme Court
> precedent was objectively unreasonable. The federal habeas
> court should not grant the petition unless the state court
> decision, evaluated objectively and on the merits, resulted in
> an outcome that cannot reasonably be justified under
> existing Supreme Court precedent . . . .  The primary
> significance of the phrase 'as determined by the Supreme
> Court of the United States' is that federal courts may not
> grant habeas corpus relief based on the state court's failure
> to adhere to the precedent of a lower federal court on an
> issue that the Supreme Court has not addressed.  Thus in
> certain cases it may be appropriate to consider the decisions
> of inferior federal courts as helpful amplifications of Supreme
> Court precedent."

*Matteo*, 171 F.3d at 889-890.

Further, the Court notes that under the AEDPA, factual determinations made by the

state courts are presumed correct, and it is the Petitioner's burden to rebut the presumption

with clear and convincing evidence.  28 U.S.C. § 2254 (e)(1).  "[T]he factual conclusions

which the federal habeas courts [are] bound to respect in assessing respondent's

constitutional claims [are] . . . the finding[s] of the trial court . . . and the inferences fairly

deducible from those facts."  *Marshall v. Lonberger*, 459 U.S. 422, 435 (1983).  Following

this precedent, the Third Circuit Court of Appeals has held that the same presumption of

correctness provided to express findings of the state court must also be provided to the

state court's implicit factual findings.  *See Campbell v. Vaughn*, 209 F.3d 280, 285-86 (3d

Cir. 2000).  Petitioner claims that trial counsel was constitutionally ineffective under the standard established by the United States Supreme Court for such representation, resulting in an uninformed or involuntary guilty plea.

### C.  Ineffective Assistance of Counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the controlling United States Supreme Court case on the issue of ineffectiveness of counsel, the Court determined that the proper standard for attorney performance is that of reasonably effective assistance.  *Id*. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689 (citations omitted). To succeed, Petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have  been different.  *Id*. at 687-688, 694.  If Petitioner establishes ineffective assistance of counsel, he must also demonstrate a nexus between the deficient representation and the allegedly improper guilty plea.

### D.  Unlawfully Induced Guilty Plea.

Although most ineffective assistance claims arise from counsel's performance in trial or on appeal, the principles set forth in *Strickland* also apply to counsel's performance in the context of a guilty plea.  *Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000). While the standard for deficient performance remains the same, "in a guilty plea case the standard for prejudice 'focuses on whether counsel's constitutionally ineffective performance affected

the outcome of the plea process.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  To

establish prejudice, Petitioner must demonstrate a "reasonable probability that, but for the

counsel's errors, he would not have pled guilty and would have insisted on going to trial."

*Id.*

Petitioner argues that: (1) "[c]ounsel incorrectly advised petitioner during the plea

that he could receive the death penalty . . . [and] [t]his error by counsel induced . . . an

unknowing and unintelligent plea . . . ." (Doc. 13 at 5, ¶ A), and (2) "counsel induced the

plea by explaining to the Petitioner that his sentence would be reduced to years, rather

than life" (*Id.* at ¶ B).  In considering these issues, the ineffectiveness standard utilized by

the Superior Court, which is in line with the standard set forth in *Strickland,* is as follows:

> To be eligible for relief under the PCRA based on a claim
> of  ineffectiveness, an appellant must prove (1) that the
> underlying claim has arguable merit, (2) that counsel's conduct
> was without a reasonable basis designed to effectuate his or her
> client's interest, and (3) that counsel's ineffectiveness
> prejudiced the appellant.  **Commonwealth v. Robinson**, 781
> A.2d 152, 161 (Pa.Super. 2001) (citing **Commonwealth v.**
> **Wallace**, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999).

(Doc. 16, Ex. E at 2-3.)

In reviewing Petitioner's first claim that counsel's incorrect advise of the possibility of

the death penalty induced an involuntary guilty plea, the Superior Court referenced

testimony in the PCRA hearing that trial counsel did advise Petitioner that the

Commonwealth was going to seek the death penalty.  (*Id*. at 4.)  However, the

"Commonwealth's suggestion that it was going to seek the death penalty at trial was not a

central consideration in his discussions with [Petitioner] regarding whether to plead guilty,

but that it was one of the considerations and that he did advise [Petitioner] of that

7

possibility." (*Id.*)  Counsel further testified that "he believed the evidence would support a verdict of first degree murder at trial, and that the Commonwealth rejected a plea to a lesser offense." (*Id.*)

Since the court concluded that the Commonwealth did intend to seek the death penalty, and counsel believed the evidence supported a first degree murder verdict, advising Petitioner of these facts was entirely reasonable, and in no sense erroneous as Petitioner claims.  Indeed, counsel would have been seriously remiss if he had not provided this information to Petitioner in consideration of the guilty plea.  Moreover, at the plea colloquy Petitioner acknowledged that he understood the nature of the charge to which he pled guilty and the factual basis for the plea, he knew he could be sentenced to life imprisonment, and he knew that the sentencing judge was not bound by any sentence recommended by the Commonwealth.  (*Id.* at 5.)  Petitioner also stated that his plea was of his own free will, and he had not been promised anything in exchange therefor. (*Id.*)  In his written plea agreement, Petitioner was also advised that the sentence for first degree murder was life imprisonment. (*Id.*)

After review of the record, I cannot conclude that the state court's determination was erroneous, and counsel's representation fell below an objectively reasonable standard. The Petitioner has not established that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.  Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  To the contrary, there is ample evidence in the record to support the state courts' conclusion.  Trial counsel

had not provided false information which unduly influenced the guilty plea rendering it involuntary.  Consequently, the petition will be denied as to this claim.

For his second claim, Petitioner alleges that he was unaware that his guilty plea would result in a mandatory sentence of life imprisonment, and he was promised a sentence of years.  However, as previously explained, at his plea colloquy Petitioner acknowledged that he knew the sentence for first degree murder was life imprisonment, and his written plea indicated the same.  Again, Petitioner has not established that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.  Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Accordingly, the petition will be denied as to this claim.

An appropriate Order follows.


Dated: June 27, 2005                               /s/ A. Richard Caputo
_____        A. RICHARD CAPUTO
                                                United States District Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SAMUEL FRANK, Jr.,**          :
                                :
   **Petitioner,**          :          **CIVIL NO. 3:CV-03-2167**
                                :
      **v.**          :          **(Judge Caputo)**
                                :
**SUPERINTENDENT TENNIS,**          :
                                :
   **Respondent.**          :

## O R D E R

**AND NOW, THIS 27th DAY OF JUNE, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The amended petition for writ of habeas corpus (Doc. 13) is **DENIED.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. There exists no basis for the issuance of a Certificate of Appealability.


    /s/ A Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge